

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. N. Darst
County Auditor
Fort Bend County
Richmond, Texas

Dear Sir:

Opinion No. 0-3892
Re: Constable on the fee system
is not entitled to car mile-
age allowance.

This will acknowledge receipt of your letter of
August 18, 1941, in which you request the opinion of this
department on the question:

"The constable of precinct No. 1, Fort
Bend County is on a fee basis, is it possible
for the Commissioner's Court to legally allow
him car mileage?"

The authority for allowance of car expense to
county officers compensated upon a fee basis must be found
in paragraph (a) of Article 3899, Revised Civil Statutes,
which reads:

"(a)  At the close of each month of his
tenure of office each officer named herein who
is compensated on a fee basis shall make as
part of the report now required by law, an
itemized and sworn statement of all the actual
and necessary expenses incurred by him in the
conduct of his office, such as stationery,
stamps, telephone, premiums on officials'
bonds, including the cost of surety bonds for
his Deputies, premium on fire, burglary, theft,
robbery insurance protecting public funds,
traveling expenses and other necessary expenses.
The Commissioners' Court of the county of the
Sheriff's residence may, upon the written and
sworn application of the Sheriff stating the

Honorable H. N. Darst, Page 2

necessity therefor, purchase equipment for a
bureau of criminal identification such as
cameras, finger print cards, inks, chemicals,
microscopes, radio and laboratory equipment,
filing cards, filing cabinets, tear gas and
other equipment in keeping with the system
in use by the Department of Public Safety
of this State or the United States Department
of Justice and/or Bureau of Criminal Iden-
tification. If such expenses be incurred
in connection with any particular case, such
statement shall name such case. Such expense
account shall be subject to the audit of the
County Auditor, if any, otherwise by the
Commissioners' Court; and if it appears that
any item of such expense was not incurred by
such officer or such item was not a necessary
expense of office, such item shall be by
such auditor or court rejected, in which case
the collections of such item may be adjudicated
in any court of competent jurisdiction. The
amount of salaries paid to Assistants and
Deputies shall also be clearly shown by such
officer, giving the name, position and amount
paid each; and in no event shall any officer
show any greater amount than actually paid
any such Assistant or Deputy. The amount of
such expenses, together with the amount of
salaries paid to Assistants, Deputies and
Clerks shall be paid out of the fees earned
by such officer. The Commissioners' Court
of the county of the Sheriff's residence may,
upon the written and sworn application of the
Sheriff stating the necessity therefor, allow
one or more automobiles to be used by the
Sheriff in the discharge of his official duties,
which, if purchased by the County, shall be
bought in the manner prescribed by law for
the purchase of supplies and paid for out of
the General Fund of the county and they shall
be and remain the property of the county. The
expense of maintenance, depreciation and opera-
tion of such automobiles as may be allowed,
whether purchased by the county or owned by
the Sheriff or his Deputies personally, shall
be paid for by the Sheriff and the amount

thereof shall be reported by the Sheriff,
on the report above mentioned, in the same
manner as herein provided for other expenses."

Construing such article in our opinion No. O-1284,
a copy of which we enclose for your guidance, we held that
the Commissioners' Court of a county operating upon a fee
basis could not allow the sheriff a monthly sum for the
maintenance and upkeep of an automobile out of the general
fund of the county. Such holding is equally applicable to
a constable, and your Commissioners' Court is without au-
thority to make any such allowance out of the general fund
of the county.

The above quoted statute vests in the Commissioners'
Court the right and authority to approve reasonable and
necessary traveling expenses for the constable, but such
items must be paid by the constable out of his fees of
office and reported monthly as such statute requires.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS

APPROVED SEP 8, 1941                  By  Lloyd Armstrong

FIRST ASSISTANT                           Lloyd Armstrong
ATTORNEY GENERAL                          Assistant

LA:GO

ENCLOSURE



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN